PLANTERS INDUSTRIES, INC. v. STEPHEN WIGGINS

No. 727DC770

(Filed 20 December 1972)

1. Evidence § 29— goods sold and delivered — admissibility of documents

In an action to recover for goods sold and delivered, the trial court properly allowed plaintiff to introduce documents tending to prove the sale and delivery of the goods where the documents were shown to have been made in the regular course of business at the time of the transactions involved and were identified by witnesses who made or were personally familiar with the entries on the documents.

2. Sales § 10— action for goods sold and delivered — issues

In an action to recover for goods sold and delivered, it would have been the better practice for the court to have submitted one issue as to the existence of the account and a second issue as to the amount, if any, due thereon instead of submitting only one issue as to the amount, if any, that defendant is indebted to plaintiff.

APPEAL by defendant from *Carlton, District Judge,* 8 May 1972 Session of District Court held in EDGECOMBE County.

Action for goods sold and delivered. Plaintiff alleged that $4,169.84 was due by defendant; that a statement of the account had been submitted to defendant in late July or August, 1968; that defendant did not deny the accuracy of the account and agreed to pay the same. Defendant filed answer denying the material allegations of the complaint.

Plaintiff introduced a duly verified itemized statement of the account. Defendant, testifying in his own behalf, denied the existence of an account with plaintiff, the receipt of the goods in question and contended that he owed plaintiff nothing. Plaintiff then called witnesses whose evidence tended to show the sale and delivery of the goods as shown on the verified account. A number of exhibits tending to corroborate the evidence as

to the sale and delivery of the goods were introduced over defendant's objection. The court submitted the case to the jury on the following issue: "(1) In what amount, if any, is the defendant indebted to the plaintiff?" The jury answered, "$3,000.00."

*Battle, Winslow, Scott & Wiley, P. A. by Samuel S. Woodley and Robert M. Wiley for plaintiff appellee.*

*Ellis Nassif and James M. Kimzey for defendant appellant.*

VAUGHN, Judge.

[1] The verified itemized statement of the account, which was properly received in evidence, was prima facie evidence of the correctness of the account sued on. G.S. 8-45. The only evidence for defendant was his own testimony denying the existence of the account or the receipt of the goods. In rebuttal, plaintiff offered testimony from its salesmen, office manager, credit manager, truck deliveryman and a railroad freight agent, all of whom offered evidence and identified exhibits which tended to prove plaintiff's claim. Most of defendant's exceptions are to the admission of such exhibits, contending that the same were inadmissible as constituting hearsay. Defendant's exceptions are overruled. Not only were the documents shown to have been made in the regular course of business at the time of the transactions involved, but for the most part were identified by testimony from witnesses who, in fact, either made or were otherwise personally familiar with the entries on the documents tendered as exhibits.

[2] Defendant also assigns as error the refusal of the court to submit two issues tendered by him. The issues as submitted by defendant were not proper in that they were not determinative of the controversy presented by the pleadings and the evidence. The court did not err in failing to submit the issues as tendered. The better practice, however, would have been for the court to submit one issue as to the existence of the account and a second issue as to the amount, if any, due thereon. Under the facts of this case, however, including the failure of the record on appeal to contain the charge to the jury, we hold that appellant has failed to show prejudicial error requiring a new trial.

No error.

Judges HEDRICK and GRAHAM concur.